CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2012 JUL 16  PM 2: 59
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVER M. ALONZO | § | |
| | § | |
| v. | § | No. 3:10-CV-1127-D-BL |
| | § | |
| RICK THALER | § | |
| | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Ever M. Alonzo, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed as procedurally barred.

### I.

In November of 2008, Alonzo was sentenced to a term of 18 years imprisonment after he pleaded guilty to an aggravated assault with a deadly weapon charge. Instead of filing a direct appeal, Alonzo filed an application for state writ of habeas corpus challenging his conviction. The Texas Court of Criminal Appeals denied relief without a written order. Several months later, Alonzo filed a second application for state writ of habeas corpus, which was dismissed as successive. Thereafter, Alonzo filed the instant petition.

### II.

In his petition, Alonzo claims that his guilty plea was involuntary due to ineffective assistance of counsel; specifically, he claims that counsel failed to advise him regarding mitigating

evidence, self-defense, and provocation. Alonzo also complains that counsel did not adequately explain the charges and the consequences and ignored his desire to tell his side of the story.

A.

In Alonzo's first application for state writ of habeas corpus, he presented none of the ineffective assistance of counsel claims presented in the instant petition.[1] However, in his second application, Alonzo raised each of the ineffective assistance claims that he now presents to the court.[2] As mentioned above, Alonzo's second application was dismissed as successive pursuant article 11.07 § 4 of the Texas Criminal Procedure Code. Under *Smith v. Johnson*, such dismissed claims are procedurally barred from obtaining federal habeas review. 216 F.3d 521, 523 (5th Cir. 2000).

Alonzo may overcome the procedural bar only "by demonstrating (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997). "Cause is defined as 'something external to the petitioner, something that cannot be fairly attributed to him' that impedes his efforts to comply with the [state] procedural rule." *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004) (citing *Moore v. Roberts*, 83 F.3d 699,

---

[1] In his first application, Alonzo argued ineffective assistance of counsel based on his attorney's failure to inform him that "Non–U.S. citizens" enjoy the benefit of "'due process' under the Fifth and Fourteenth Amendment and the right under the Eighth Amendment to be free from cruel and unusual punishment."

[2] In his second application, Alonzo argued ineffective assistance of counsel based on his attorney's failure to: (1) "effectively explain [his] options"; (2) "assert self-defense and present mitigating facts"; and (3) "fully investigate the . . . victims role in the altercation." Alonzo also argued that he "insisted [on] going to Trial in an effort to tell his side of the story, but counsel had no real interest in having the case presented to a Jury."

704 (5th Cir. 1996)). To establish a "miscarriage of justice" exception, Alonzo must demonstrate actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Alonzo has provided no explanation for failing to raise his ineffective assistance of counsel claims in his first state habeas petition, and he has not argued that he is factually innocent. Accordingly, he cannot avoid the procedural bar.

### III.

It plainly appears from the face of the motion and the record of prior proceedings that this case is procedurally barred. Accordingly, Alonzo's petition for writ of habeas corpus should be summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: July 16, 2012.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE